NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPHUS NYON DEBBLAY, | |
| Plaintiff, | Civil Action No. 23-548-SDW-AME |
| v. | REPORT and RECOMMENDATION |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court upon the motion filed by defendant Clinton County Correctional Facility ("CCCF") to dismiss this action for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2)[1] [ECF 11]. The motion also seeks dismissal for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3). Alternatively, CCCF moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Josephus Nyon Debblay ("Plaintiff") opposes the motion in its entirety. The Honorable Susan D. Wigenton, U.S.D.J., referred the motion for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). This Court has considered the parties' written submissions, *see* Fed. R. Civ. P. 78(b), and recommends dismissal of the Complaint, pursuant to Rules 12(b)(2) and 12(b)(3), insofar as it asserts claims against CCCF.

---

[1] The motion was ostensibly filed by CCCF and the fictitious party defendants designated as "Pennsylvania Does 1-10." Because these fictitious parties have not yet been identified by name nor served with process, they are not formally joined to the action. The Court will therefore not consider the motion to dismiss to the extent it is filed on their behalf.

I.  **BACKGROUND**

This civil rights action arises out of Plaintiff's allegedly unlawful detention for removal from the United States, pursuant to an immigration enforcement order. The facts relevant to this motion follow.[2]

Plaintiff, a resident of West Orange, New Jersey, was born in Liberia in 1983 and later admitted to the United States on or about June 27, 1990, on a B-2 nonimmigrant visa. (Compl. ¶¶ 7, 21, 23.) On April 24, 2008, Plaintiff was convicted in the United States District Court for the District of New Jersey of conspiracy to commit bank fraud and sentenced to 24 months' imprisonment. (*Id.* ¶ 24.) On or about August 5, 2008, while incarcerated in the Moshannon Valley Correctional Facility, in Phillipsburg, Pennsylvania,[3] Plaintiff was served with a notice of immigration action concerning his removability from the United States as an alien convicted of an aggravated felony, pursuant to Section 238(b) of the Immigration and Nationality Act (the "INA"). (*Id.* ¶ 25 and Ex. 4.)[4] A Final Administrative Order of Removal was issued against Plaintiff on August 12, 2008 ("Removal Order"). (*Id.* ¶ 25 and Ex. 4.)

---

[2] The factual summary herein is based on the allegations of the Complaint, and the Court assumes their truth for purposes of this motion only. *See Vaswani Inc. v. Atlantic Enters. Ltd.*, Civil Action No. 22-137, 2023 WL 4740905, at *1 (D.N.J. July 25, 2023) (accepting factual allegations as true for purposes of a motion to dismiss under Rules 12(b)(2) and 12(b)(6) but noting court is not bound by the pleadings to determine the existence of personal jurisdiction) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) and *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)).

[3] At the relevant time, the Moshannon Valley Correctional Facility operated as a federal prison but, as of November 2021, operates as an immigration processing center and detention facility. The Court notes this fact pursuant to Federal Rule of Evidence 201(b), which provides that judicial notice may be taken of "a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." As to such facts, the Court may take judicial notice on its own, at any stage of the proceedings. Fed. R. Evid. 201(c) and (d).

[4] The immigration enforcement Form I-213 "Record of Deportable/Inadmissible Alien" listed Plaintiff's projected release date in connection with his federal conviction as August 4, 2008. (Compl., Ex. 4.)

At some point in or about August 2008, Plaintiff was transferred from the Moshannon Valley Correctional Facility to the custody of Immigration and Customs Enforcement ("ICE") and detained in the Clinton County Correctional Facility, located in McElhattan, Pennsylvania. (*Id.* ¶ 26.) Plaintiff was thereafter physically removed from the United States on or about September 3, 2008. (*Id.*) However, Plaintiff alleges he was wrongfully held in immigration detention and wrongfully removed from the United States because he "is and was at all relevant times a citizen of the United States." (*Id.* ¶ 32.) According to the Complaint, Plaintiff acquired United States citizenship at the time of his birth pursuant to a then-operative provision of the INA, based on the fact that his biological father was a naturalized United States citizen who had been physically present in the United States for the requisite period of time before Plaintiff's birth. (*Id.* ¶¶ 28-30.) Indeed, Plaintiff alleges that the United States Department of State ultimately recognized his citizenship when it issued his U.S. Passport on May 1, 2021, allowing Plaintiff to return to this country. (*Id.* ¶ 31.)

Plaintiff filed this action in this District on January 31, 2023. The Complaint alleges violations of Plaintiff's civil rights and of his rights under New Jersey state common law. Counts One through Six of the Complaint assert constitutional and tort claims against the United States of America and various individuals employed by ICE (collectively, the "Federal Defendants"). Counts Seven through Eleven are directed to defendants CCCF and Pennsylvania Does 1-10, asserting claims under 42 U.S.C. § 1983 for alleged deprivation of due process, in violation of Plaintiff's constitutional rights under the Fourteenth Amendment, and New Jersey state law claims for false arrest and imprisonment, negligence, and intentional infliction of emotional distress.

CCCF now moves for dismissal of this action, primarily on grounds of lack of personal jurisdiction, pursuant to Rule 12(b)(2). It also seeks dismissal pursuant to Rule 12(b)(3), arguing that, even if the Court may exercise personal jurisdiction over CCCF, venue has been improperly laid in this District under 28 U.S.C. § 1391. Alternatively, CCCF argues that if the Court determines Plaintiff satisfies the jurisdictional and venue requirements, dismissal of all claims against it is warranted pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted.[5]

**II.    DISMISSAL FOR LACK OF PERSONAL JURISDICTION**

Rule 12(b)(2) provides for dismissal of an action when a district court does not have personal jurisdiction over a defendant. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *see also O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) ("once challenged, the plaintiff bears the burden of establishing personal jurisdiction."). To discharge this burden, "the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). If no evidentiary hearing is held on the Rule 12(b)(2) motion, the plaintiff is required to establish only a "prima facie case of personal jurisdiction," and as such "is entitled to have its allegations taken as true and all factual

---

[5] Plaintiff asks that the motion be denied in its entirety as untimely because it was filed on May 23, 2023, one day after the deadline set by the District Court. (*See* Pl.'s Opp'n at 1.) This Court respectfully recommends that the District Court exercise its discretion to relax its deadline and consider this motion on the merits raised by CCCF. The record reflects that CCCF's motion to dismiss was filed originally on May 12, 2023, but dismissed without prejudice for failure to include a brief compliant with Local Civil Rule 7.2(b). (*See* ECF 9, 10.) The Court terminated that original motion and granted CCCF leave to refile a corrected motion by May 22, 2023. (*See* ECF 10.) Plaintiff does not contend, much less establish, that CCCF's re-filing of its motion to dismiss, one day late, has prejudiced Plaintiff or unduly delayed this action.

disputes drawn in its favor." *Miller Yacht Sales*, 384 F.3d at 97; *see also Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir.), *cert. denied*, 506 U.S. 817 (1992).

      A federal court "may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Metcalfe*, 566 F.3d at 330; *see also* Fed. R. Civ. P. 4(k)(1)(A) (providing a defendant is subject to the jurisdiction of a United States court if it "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."). New Jersey's long-arm statute, N.J. Ct. R. 4:4-4, authorizes the exercise of personal jurisdiction "to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). The Fourteenth Amendment's Due Process Clause requires that personal jurisdiction over a nonresident defendant may be exercised by a court if the defendant has "certain minimum contacts with the forum state, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, t326 U.S. 310, 316 (1945) (internal quotation omitted); *see also Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1024 (2021) (describing *International Shoe* as the "canonical decision" concerning personal jurisdiction); *O'Connor*, 496 F.3d at 316 (holding same).

      A minimum contacts analysis must focus on "the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). Establishing sufficient minimum contacts to support personal jurisdiction requires a demonstration that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985). This requirement implements the principle that a nonresident defendant have fair notice it may be subject to suit in that foreign

5

state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also Ford Motor Co.*, 141 S. Ct. at 1025 (observing that the personal jurisdiction rules "reflect two sets of values—treating defendants fairly and protecting 'interstate federalism.'"). Personal jurisdiction is appropriate, in other words, only if a defendant can "reasonably anticipate being haled into court" as a result of its activities and connection with the forum state. *World-Wide Volkswagen Corp.*, 444 U.S. at 297.

The Supreme Court has recognized two types of personal jurisdiction, general ("all purpose") and specific ("case-linked"), which are distinct and based on the nature and extent of a defendant's contacts with the forum. *Ford Motor Co.*, 141 S. Ct. at 1025; *Bristol-Myers Squibb*, 582 U.S. at 262; *Goodyear Dunlop Tires Operations., S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction applies when a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state." *Goodyear*, 564 U.S. at 919 (quoting *Int'l Shoe Co.*, 326 U.S. at 317). Where general jurisdiction exists, a defendant's contacts with the state need not be related to the litigation, and the forum court "may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb*, 582 U.S. at 262 (citing *Goodyear*, 564 U.S. at 919). Specific jurisdiction, in contrast, exists only where "[t]he plaintiff's claims . . . 'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co.*, 141 S. Ct. at 1025 (quoting *Bristol-Myers Squibb*, 582 U.S. at 262). In other words, for a court to exercise specific personal jurisdiction over a party, "there must be 'an affiliation between the forum and the underlying controversy, principally [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (quotations omitted); *see also Chavez v. Dole*

*Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (holding that courts may exercise specific jurisdiction over foreign defendants "when the cause of action arises from the defendant's forum related activities.").

Here, CCCF argues it is not subject to either general or specific personal jurisdiction in New Jersey. It emphasizes that it is a Pennsylvania entity and that, according to Plaintiff's own factual allegations, the events giving rise to Plaintiff's claims against CCCF occurred in Pennsylvania, where he was allegedly unlawfully detained by CCCF employees at its facility. In response, Plaintiff does not dispute these facts but instead argues that CCCF's detention of a New Jersey resident creates a sufficient contact with New Jersey to support specific personal jurisdiction. He also asserts there is general jurisdiction over CCCF based on its "substantial contacts with New Jersey for many years." (Def.'s Opp'n at 2.)

The Court finds that Plaintiff's efforts to establish personal jurisdiction over CCCF fall short of the applicable standards.

As to general jurisdiction, Plaintiff's contention that CCCF has the requisite continuous and systematic contacts with New Jersey is at best a conclusory statement, unsupported by any facts. For general jurisdiction to exist over an out-of-state party, it is insufficient that the foreign entity's "in-forum contacts can be said to be in some sense 'continuous and systematic;'" rather, its affiliations must be so continuous and systematic "as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). The "paradigm forum for the exercise of general jurisdiction" over an individual is his or her domicile; for a corporation, the paradigm bases for general jurisdiction are its place of incorporation and the principal place of

business. *Id.* at 137 (citing *Goodyear*, 564 U.S. at 924). CCCF, a corrections facility located in McElhattan, Pennsylvania, is simply not "at home" in New Jersey.

As to specific jurisdiction, Plaintiff's contention that CCCF's detention of a New Jersey resident is sufficient to establish personal jurisdiction under a minimum contacts analysis also fails. Establishing sufficient "minimum contacts" with a forum requires Plaintiff to demonstrate that "there must be an 'affiliation between the forum and the underlying controversy, principally [an] activity or occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co.*, 582 U.S. at 264 (quoting *Goodyear*, 564 U.S. at 919). The Third Circuit has adopted a three-part test for determining whether a Court may exercise specific jurisdiction over a defendant: (1) the defendant must have purposefully directed its activities at the forum state (2) the litigation must arise out of or relate to at least one of those activities; and (3) the exercise of jurisdiction must comport with notions of 'fair play and substantial justice. *O'Connor*, 496 F.3d at 317 (quotations omitted). Here, Plaintiff asserts Section 1983 and state tort claims against CCCF based on allegations that its employees unlawfully detained Plaintiff pursuant to the Removal Order, transferred him to the custody of ICE, and assisted with his removal from the United States. (Compl. ¶¶ 70, 82, 86.) CCCF's allegedly actionable conduct occurred solely in Pennsylvania. (*Id.*) As it relates to CCCF, the underlying controversy's only link to the forum state is that Plaintiff made his permanent home in West Orange, New Jersey. However, merely interacting with a person affiliated with the forum state does not, without more, establish sufficient minimum contacts. *Walden v. Fiore*, 571 U.S. 277, 286 (2014). Indeed, regarding a federal court's exercise of personal jurisdiction over a non-resident defendant, the Supreme Court has stressed that "the plaintiff cannot be the only link between the defendant and the forum. Rather it

is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285. The record before the Court lacks facts demonstrating CCCF purposefully directed its activities at New Jersey. Thus, under a minimum contacts analysis, this Court cannot conclude specific personal jurisdiction over CCCF exists.

Nor is specific jurisdiction supported under the "effects" test, articulated by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). Although not raised in CCCF's motion or Plaintiff's opposition, the *Calder* effects test may be applied to analyze minimum contacts in the context of intentional tort claims. *Id.* This test considers whether the forum state is where "the plaintiff felt the brunt of the harm such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort." *IMO Indus.*, 155 F.3d at 265; *see also Calder*, 465 U.S. at 789-90 (holding that, where a foreign defendant's intentional, allegedly tortious conduct has been directed at a plaintiff in the forum state, that state may be the focal point of the conduct such that the defendant may reasonably anticipate being haled into court there). By considering the impact of the foreign defendant's intentionally tortious conduct, the *Calder* effects test may "enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO Indus.*, 155 F.3d at 265.

However, the Third Circuit has joined other federal Circuit Courts in emphasizing that even under the *Calder* effects test, personal jurisdiction over a non-resident defendant will not exist merely because the harm it allegedly caused is primarily felt within the forum. *Id.* Rather, to establish specific jurisdiction under this test, it is essential that the plaintiff "point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.* at 266. The intentional torts that Plaintiff alleges CCCF committed here consist of falsely arresting

9

and imprisoning him in Pennsylvania, and the intentional infliction of emotional distress resulting therefrom. Plaintiff points to no specific activity indicating CCCF expressly aimed such alleged misconduct at New Jersey.

Accordingly, this Court respectfully recommends that all claims against CCCF, that is Counts Seven through Eleven of the Complaint, be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2).

### III. DISMISSAL FOR IMPROPER VENUE

Dismissal of this action against CCCF is also warranted on the independent basis of improper venue, pursuant to Rule 12(b)(3). The statute generally governing venue in civil actions filed in federal district courts provides:

> A civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). None of the foregoing bases render the District of New Jersey the appropriate venue for this action. As set forth above, CCCF is not subject to this Court's personal jurisdiction with respect to this action, and it cannot be deemed to reside in this District. *See* 28 U.S.C. § 1391(c)(2) (providing that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal

jurisdiction with respect to the civil action in question"). The venue provision in Section 1391(b)(1) is thus inapplicable. Nor does Section 1391(b)(3) apply, given the Court's lack of personal jurisdiction over CCCF. Finally, for reasons already discussed, it is clear a substantial part of the events or omissions underlying Plaintiff's claims did not occur in New Jersey, and therefore venue is not proper in this District pursuant to Section 1391(b)(2).

Accordingly, this Court respectfully recommends CCCF's motion to dismiss be granted on the additional grounds of improper venue, pursuant to Rule 12(b)(3).[6]

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Plaintiff has not met his burden of establishing that the Court has personal jurisdiction over CCCF or that the District of New Jersey is a proper venue for Plaintiff's action against CCCF under 28 U.S.C. § 1391.[7] Accordingly, this Court respectfully recommends that CCCF's motion to dismiss pursuant to Rule 12(b)(2) and Rule 12(b)(3) be **GRANTED**.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge

Dated: September 26, 2023

---

[6] Alternatively, the District Court may transfer this action, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Middle District of Pennsylvania. Section 1406 provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) authorizes a district court to transfer a case to another court even if the transferor court lacks personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *see also Belt v. Fed. Bureau of Prisons*, 335 F. Supp. 3d 428, 434-35 (D.N.J. 2018) (severing claims as to which venue was inappropriately laid in the District of New Jersey from those for which venue was proper and transferring a portion of the case to the proper venue). Insofar as this action is directed against CCCF, the district where it detained Plaintiff would be an appropriate venue, *see* 28 U.S.C. § 1391(b)(2), and Clinton County, Pennsylvania is located within the Middle District of Pennsylvania.

[7] In light of the conclusion that the Court lacks personal jurisdiction over CCCF and, moreover, that this action is subject to dismissal based on improper venue, this Report and Recommendation does not reach CCCF's Rule 12(b)(6) grounds for dismissal.