**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPHUS NYON DEBBLAY, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Civil Action No. 23-00548 (SDW) (AME) <br><br> **OPINION** <br><br> November 27, 2023 |

**WIGENTON**, District Judge.

Before this Court is the United States; Merrick B. Garland, U.S. Attorney General; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Tae D. Johnson, Director, U.S. Immigration and Customs Enforcement ("ICE"); Scott R. Blake, Assistant Field Office Director, ICE; Stewart L. Gingerich, Supervisory Detention and Deportation Office, ICE; Thomas Decker, Field Office Director, ICE; ICE DOES 1-10, ICE Officials and Agents; and Pennsylvania DOES' 1-10, (collectively "Defendants") Motion to Dismiss (D.E. 19 ("Motion")) Plaintiff Josephus Nyon Debblay's Complaint (D.E. 1) because it is time-barred and alternatively fails to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1 & 6). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343 (3) and (4). Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendants' Motion is **GRANTED.**

I. **FACTUAL HISTORY**

Plaintiff, Josephus Nyon Debblay, was born on August 8, 1983, to unmarried parents, one of which was a naturalized U.S. citizen and the other a Liberian citizen. (D.E. 1 ¶ 21.) He was admitted to the United States as a B-2 nonimmigrant visitor on June 27, 1990. (*Id.* ¶ 23.) In 2008, he was convicted in this District for conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and was sentenced to 24 months imprisonment. (*Id.* ¶ 24.) Plaintiff was committed to the custody of the Moshannon Valley Correctional Facility in Philipsburg, Pennsylvania. It was there that he was served with a Notice of Intent ("NOI") to Issue a Final Administrative Order. The Administrative Order was based on his alleged removability under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who, after admission, was convicted of an aggravated felony.[1] (*Id.* ¶ 25.) Plaintiff signed a Certificate of Receipt confirming receipt of the NOI and checked the box stating, "I do <u>not</u> wish to contest and/or to request withholding of removal." (D.E. 19-1 at 3) (emphasis added). Plaintiff assented to the allegations and charge in the NOI and acknowledged that he was deportable and not eligible for any form of relief from removal. He also waived his right to rebut and contest the charges. (*Id.*) Thereafter, Defendants issued a Final Administrative Order of Removal against Plaintiff, and he was subsequently transferred to ICE custody at the Clinton County Correctional Facility located in Clinton County, Pennsylvania. (D.E. 1 ¶ 25–26.) Plaintiff was physically removed from the United States on September 3, 2008. On May 1, 2021, Plaintiff was issued a United States passport and was granted reentry. (*Id.* at 32.)

---

[1] An aggravated felony is defined in section 101(a)(43)(M) of the Act, 8 U.S.C. § 1101(a)(43)(M), as an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.

## II.     PROCEDURAL HISTORY

Plaintiff filed an administrative tort claim with ICE on January 27, 2022.  (D.E. 19-1 at 4.)  In it, Plaintiff claimed that he is a citizen of the United States that "was falsely arrested, imprisoned and deported from the United States." (D.E. 19-2 at 4.)  Plaintiff then initiated the instant matter on January 31, 2023.  (D.E. 1.)  He alleges that at all relevant times he was a citizen and thus his detention and removal by ICE in 2008 was unlawful as was the continued bar on his reentry until May 2021.  Plaintiff alleges three *Bivens*[2] claims: Fifth Amendment Due Process (Count One); Fifth Amendment Equal Protection (Count Two); and Fourth Amendment right to be free from unreasonable seizures (Count Three) as to Defendants Blake, Gingerich, Decker and ICE.  He further alleges: false imprisonment (Count Four); Negligence (Count Five); Intentional Infliction of Emotional Distress (Count Six) under the Federal Torts Claim Act ("FTCA") against the United States; violation of his Fifth and Fourteenth Amendment rights under 42 U.S.C. § 1983 (Counts Seven and Eight); and Negligence, False Imprisonment, and Intentional Infliction of Emotional Distress under New Jersey common law (Counts Nine, Ten and Eleven) against Clinton County Correctional Facility and Pennsylvania DOES 1-10.[3]

Defendants, Blake, Decker, Garland, Gingerich, Johnson, Mayorkas and the United States (collectively "Defendants") move to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6), or, in the alternative, on the grounds that the claims are time-barred.  (D.E. 19.)  The parties timely completed briefing.  (D.E. 21 & 22.)

## III.    STANDARD OF REVIEW

---

[2] A *Bivens* claim is one where the Plaintiff sues a federal officer who, in acting under the color of federal authority, violates Plaintiff's constitutional rights.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[3] Defendant Clinton County Correctional Facility filed a motion to dismiss claims brought against it, D.E. 11, which was granted by Magistrate Judge Espinosa on October 18, 2023.

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1) at any time. Fed.R.Civ.P. 12(b)(1). "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *New Jersey Prot. & Advoc., Inc. v. New Jersey Dep't of Educ.*, 563 F. Supp. 2d 474, 479 (D.N.J. 2008) (citing *Iwanowa v. Ford Motor Co.*, 67 F.Supp.2d 424, 438 (D.N.J.1999). "A defendant can also attack subject matter jurisdiction by factually challenging the jurisdictional allegations set forth in the complaint." *Id.* at 480 (citing *Iwanowa*, 67 F.Supp.2d at 438). "Under this standard, 'no presumptive truthfulness attaches to plaintiff's allegations and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdiction claims.'" *Id.* (quoting *Pashun v. Modero*, No. 92–3620, 1993 WL 185323, at *2 (D.N.J. May 26, 1993)).

When considering a motion to dismiss under Rule 12(b)(6), this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 23 (3d Cir. 2008) (citation omitted). For a complaint to be adequate, it must be "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. P. 8(a)(2)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*; *see also Phillips*, 515 F.3d at 232. If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169–70 (3d Cir. 2013).

## IV. DISCUSSION

### a. *Statute of Limitations*

"The statute of limitations for a *Bivens* claim is borrowed from the forum state's personal injury statute." *Brown v. Tollackson*, 314 F. App'x 407, 408 (3d Cir. 2008) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir.1993)). New Jersey law provides that a Plaintiff has two years from the time a claim accrues to initiate a lawsuit. *See* N.J.S.A. 2A:14–2. "Claims generally accrue, and the statute of limitations generally begins to run, when the plaintiff knew or should have known of the injury on which the claim is based." *DePack v. Gilroy*, 764 F. App'x 249, *251 (3d Cir. 2019) (*citing Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). Similarly, under the FTCA, "a claim against the United States is barred unless it is presented to the appropriate federal agency "within two years after such claim accrues." *Miller v. Philadelphia Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006) (citing 28 U.S.C. § 2401(b)).

Plaintiff initiated this action in 2023, approximately thirteen (13) years after the statute of limitation lapsed. He was convicted, detained, and notified of Defendants' intent to remove him from the United States in 2008. He did not object to the removal process and further waived his right to rebut and contest the charges. Consequently, he was deported in September of 2008. The statute of limitations began to run when Plaintiff knew or should have known of his injury—i.e., when he was deported, assuming he was already aware of his U.S. citizenship status.

While Plaintiff does not dispute that the time began to accrue on the date he was deported or allege another date of accrual, he argues that he is entitled to equitable tolling. Equitable tolling is applicable: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where the plaintiff has been prevented from asserting his claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Kach v. Hose*, 589 F.3d 626, 643 (3d Cir. 2009) (internal quotation marks and

5

citation omitted). Plaintiff has not asserted that he was misled in any manner, nor that his claim was filed timely, but in the wrong forum. Plaintiff contends that extraordinary circumstances exist because he was deported and thereby precluded from obtaining relevant evidence of his citizenship. It is not clear what evidence he sought to obtain and why he was unable to obtain it prior to 2021. Importantly, Plaintiff fails to detail any facts surrounding what occurred between 2008 and 2021, when the U.S. passport issued, or set forth what, if any, information he received, or actions not taken caused his lengthy failure to file. In sum, Plaintiff's claims are time-barred because he failed to pursue this action within the statute of limitations and is not entitled to equitable tolling. Notwithstanding this Court's conclusion that Plaintiff's claims are time-barred, qualified immunity would also be applicable as analyzed below.

### b. Qualified immunity

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Mirabella v. Villard*, 853 F.3d 641, 648 (3d Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Id.* (quoting *Ashcroft*, 563 U.S. at 741). This Court exercises its discretion to decide which of the two prongs of the qualified immunity analysis to address first "in light of the circumstances in the particular case at hand." *See id.* at 649 (quoting *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)).

As Plaintiff has failed to allege that Defendants acted unlawfully, he has not demonstrated the violation of any clearly established right at the time of his removal. Plaintiff asserts that he

was born in 1983 in Liberia to a mother who was a citizen of Liberia and a father who was a "naturalized" citizen of the U.S. (D.E. 1 ¶ 21.) He migrated to the U.S. in June of 1990 when he was about seven years old. At that time, 8 U.S.C. Section 1401 was in effect and Plaintiff alleges citizenship under Section 1401(g) which provides that a person shall be national and citizen of the United States at birth if that person was:

> born outside the geographical limits of the United States . . . of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States . . . for a period or periods totaling not less than five years, at least two of which were after attaining the age of fourteen years: Provided, that any periods of honorable service in the Armed Forces of the United States, or periods of employment with the United States Government or with an international organization as that term is defined in section 288 of title 22 by such citizen parent . . . may be included in order to satisfy the physical-presence requirement of this paragraph.

However, the Complaint is devoid of facts surrounding Plaintiff's father. It is unclear when his father became a naturalized citizen, whether and when his father was physically present in the United States prior to his birth, whether his father was "honorably serving in the Armed Forces of the United States" or any other facts to demonstrate his citizenship at birth under this section. The Complaint fails to allege that his citizenship status was "sufficiently clear that every reasonable official would understand that what he is doing violates that right." *Ashcroft*, 563 U.S. at 735.

Nothing in the Complaint alleges that at the time of Plaintiff's removal, Defendants knew and disregarded his citizenship status. Thus, Defendants reasonably concluded that Plaintiff was an unlawful resident and removable under 8 U.S.C. § 237(a)(2)(A)(iii). Defendants were not required to further investigate Plaintiff's citizenship status especially where the Plaintiff himself had not asserted his citizenship or contested removal. That Plaintiff was later issued a U.S. passport, with no facts alleging why or how, supports an inference that Plaintiff's status was not clearly established at the time of his removal. Accordingly, Defendants are entitled to qualified immunity as to all claims.

## V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the Complaint is **GRANTED.** Plaintiff shall have thirty (30) days to file an amended Complaint. Failure to timely file an amended Complaint may result in the dismissal of this matter with prejudice. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:   Parties
      Andre M. Espinosa, U.S.M.J.